UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE HIGHLANDS NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff The Highlands North Condominium Association (the "Association") alleges as follows:

## I. INTRODUCTION

1.1   This is an action for declaratory judgment and monetary damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under State Farm Fire and Casualty Company ("State Farm") insurance policies issued to the Association. The Association is seeking a ruling that States Farm's policies provide coverage for the damage at the Highlands North Condominium and that State Farm is liable for money damages for the cost of investigating and repairing the damage at the Highlands North Condominium.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

(B)   Damages for breach of contract, bad faith, and violations of the Consumer Protection Act ("CPA").

(C)   Attorneys' fees (including expert witness fees) and costs.

(D)   Any other relief the Court deems just and equitable.

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>.  The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Highlands North Condominium for the common enjoyment of the unit owners. The Highlands North Condominium consists of one residential building with a total of thirty-six units, located at 150 NE 95th Street, Seattle, Washington 98115.

2.2   <u>State Farm.</u>  State Farm Fire and Casualty Company ("State Farm") is incorporated under the laws of Illinois with its principal place of business in Bloomington, Illinois. State Farm is registered and authorized to sell insurance in the State of Washington.  State Farm sold property insurance policies to the Association.

2.3   <u>DOE Insurance Companies 1-10.</u>  DOE Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Highlands North Condominium as covered property.

2.4   <u>The State Farm Insurers</u>. State Farm and DOE Insurance Companies 1-10 shall collectively be referred to as the "State Farm Insurers."  The State Farm Insurers issued property insurance policies to the Association from at least 9/30/1986 to 9/30/1988. The policy numbers issued by the State Farm Insurers to the Association include but are not limited to 98-73-7598-7. The policy(s) identify the Highlands North Condominium as covered property.

2.5   <u>The State Farm Policies</u>.  The policies issued to the Association by the State Farm Insurers shall be collectively referred to as the "State Farm Policies."

## III.   JURISDICTION AND VENUE

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the State Farm Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Highlands North Insurers.</u> In October of 2018, the Association tendered claims to the State Farm Insurers. In its tender letters, the Association requested that the State Farm Insurers provide copies of all policies issued to the Association and that the State Farm Insurers investigate for hidden damage that may exist at the Highlands North Condominium.

4.3     <u>EA Investigation.</u>  Evolution Architecture ("EA") was retained by the Association to perform an intrusive investigation of the cladding on the exterior of the Highlands North Condominium (the "EA Investigation"). The EA Investigation identified hidden damage caused by water intrusion and identified the conditions that have allowed water intrusion behind the cladding system. The EA Investigation was conducted jointly with the State Farm Insurers and with the assistance of McBride Construction on April 23-24, 2019. EA prepared its findings of the EA Investigation in a July 1, 2019 Building Envelope Investigation Findings Report (the "EA Report"). The EA Report identifies hidden damage to the building paper, exterior sheathing, and framing in the exterior walls at the Highlands North Condominium. The loss or damage to the Highlands North Condominium was determined to be incremental and progressive. It was also determined that new damage commenced during each year of the State Farm Policies. The State Farm Insurers denied coverage for the Association's claim on October 31, 2019. The Association

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

understands from its experts that the cost to repair covered damage is substantially greater than the jurisdictional limit of $75,000.

## V.   FIRST CLAIM AGAINST THE STATE FARM INSURERS FOR DECLARATORY RELIEF THAT THE STATE FARM POLICIES PROVIDE COVERAGE

5.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.3, above, as if fully set forth herein.

5.2   <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

   (A)   The State Farm Policies cover the damage to building paper, exterior sheathing, and framing at the Highlands North Condominium.

   (B)   No exclusions, conditions, or limitations bar coverage under the State Farm Policies.

   (C)   The loss or damage to the Highlands North Condominium was incremental and progressive. New damage commenced during each year of the State Farm Policies.

   (D)   As a result, the State Farm Policies cover the cost of investigating and repairing the building paper, exterior sheathing, and framing at the Highlands North Condominium.

## VI.   SECOND CLAIM AGAINST THE STATE FARM INSURERS FOR BREACH OF CONTRACT

6.1   <u>Incorporation by Reference.</u> The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2   The State Farm Insurers have contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Highlands North Condominium.

6.3   The State Farm Insurers breached contractual duties by wrongfully denying coverage on October 31, 2019 and by failing to pay the cost of repairing the covered damage to the Highlands North Condominium.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND MONETARY DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

6.4    As a direct and proximate result of the State Farm Insurers' breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5    <u>Additional Damages</u>. As a direct and proximate result of the State Farm Insurers' breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM AGAINST THE STATE FARM INSURERS FOR INSURANCE BAD FAITH

7.1    <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2    The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3    The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having reasonable justification, fails to act in good faith.

7.4    The State Farm Insurers had a duty to investigate, evaluate, and decide the Association's claim in good faith. The State Farm Insurers breached its duty by unreasonably investigating, evaluating, and denying the claim by, among other things, failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND MONETARY DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

Highlands North Condominium; that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); failing to acknowledge that there is coverage under the resulting loss provision in its policy; ignoring case law in the Western District of Washington that is directly contrary to the coverage positions taken by the State Farm Insurers; by misrepresenting the Association's maintenance history to its own benefit, and by failing to define key undefined terms it its policy in favor of the Association as required by Washington law.  Instead, the State Farm Insurers unreasonably denied coverage for any and all hidden damage at the Highlands North Condominium.  The State Farm Insurers' self-serving denial did not comport with Washington law or the plain meaning of its own policy language, and put the State Farm Insurers' financial interests ahead of the Association's to the Association's detriment.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. The State Farm Insurers' conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require the State Farm Insurers to provide a reasonable explanation of the relevant facts, law and policy language and how its policy language supported a denial of the Association's claim.
- Which require them to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     The State Farm Insurers' actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND MONETARY DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

breach of the State Farm Insurers' duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII. FOURTH CLAIM AGAINST THE STATE FARM INSURERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2   Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of the State Farm Insurers was deceptive, impacted the public, and had the capacity to deceive.  The Association is a consumer.  As a direct and proximate result of the State Farm Insurers' violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the State Farm Policies provide coverage as described herein.

9.2   <u>Money Damages</u>. For money damages in an amount to be proven at trial.

9.3   <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees) and costs. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4   <u>CPA Penalties</u>.  For CPA penalties against the State Farm Insurers of up to $25,000 per violation.

9.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## X.   DEMAND FOR JURY TRIAL

10.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 19th day of February, 2020.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND MONETARY DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

**STEIN, SUDWEEKS & STEIN, PLLC**

*/s/ Jerry H. Stein*
*/s/ Justin D. Sudweeks*
*/s/ Daniel Stein*
*/s/ Colin R. Crug*
Jerry H. Stein, WSBA 27721
Justin D. Sudweeks, WSBA 28755
Daniel J. Stein, WSBA 48739
Colin R. Crug, WSBA 52743
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jerry@condodefects.com
justin@condodefects.com
dstein@condodefects.com
colin@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660